IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEJANDRO YORDI TORRES, § § Petitioners, § § V. § § THOMAS BERGAMI, Warden, § Prairieland Detention Center, § ET AL., § § Respondents. § | No. 3:25-cv-2981-B-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from presiding Senior District Judge Jane J. Boyle. *See* Dkt. No. 2.

Petitioner Alejandro Yordi Torres, detained at Prairieland Detention Center in this district, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 with the assistance of counsel on November 3, 2025 against five named government officials ("Respondents"). *See* Dkt. No. 1. He argues that his detention without bond violates the Immigration and Naturalization Act ("INA") and the Fifth Amendment Due Process Clause. *See id.*

After reviewing Yordi Torres's initial filings in this case, the undersigned determined that service and an expedited response from the United States Attorney's Office was required. *See* Dkt. No. 9. Respondents filed a response. *See* Dkt. No. 11.

And Petitioners replied. *See* Dkt. No. 14.

For the reasons discussed below, the Court should grant in part the Petition for Writ of Habeas Corpus [Dkt. No. 1].

## Background

Petitioner Yordi Torres is a citizen of Cuba. *See* Dkt. No. 1 at 12. He is employed and has a daughter, thirty-four years old, who is a legal permanent resident of the United States. *See id.* at 12-13. He takes medication daily for high blood pressure. *See id.* at 13.

Yordi Torres entered the United States on August 1, 2022. *See id.* at 12. The next day, he was given a Notice to Appear by the Department of Homeland Security ("DHS"). *See* Dkt. No. 1-3 at 3. Soon thereafter, he was issued an Order of Release on Recognizance. *See id.* at 4.

He applied for asylum on August 14, 2023. *See id.* at 30; Dkt. No. 11 at 10. And he applied for permanent residence on October 12, 2023. *See* Dkt. No. 11 at 10. Both applications are still pending. *See id.*

"On October 22, 2025, [Yordi Torres] was arrested by [Immigrations and Customs Enforcement ('ICE')] at an appointment at the Dallas Field Office of ICE while he was fulfilling his obligation to report to them." Dkt. No. 1 at 12. He was taken into physical custody on the basis that "he is an alien present in the United States without being admitted or paroled pursuant to [the] INA." Dkt. No. 11 at 10. He remains in custody at the Prairieland Detention Facility in Alvarado, Texas. *See*

Dkt. No. 1 at 12.

Yordi Torres filed a Petition for Writ of Habeas Corpus, claiming that he was misclassified under 8 U.S.C § 1225(b)(2), which authorizes mandatory detention, and should be classified under 8 U.S.C. § 1226(a). *See id.* at 13. He alleges that he is unlawfully detained without bond under Section 1225, in violation of the INA. *See id.*

Yordi Torres also argues that failure to provide a bond hearing or individualized detention hearing violates his due process rights under the Fifth Amendment Right to Due Process. *See id.* at 14. And he claims that his detention without an opportunity for bond under Section 1225, instead of Section 1226, violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See id.*

Yordi Torres asks the Court to (1) assume jurisdiction over the matter; (2) declare that the Respondents have violated the Fifth Amendment, the INA, the APA, and 28 U.S.C. § 2241; (3) issue a writ of habeas corpus ordering Respondents to provide him with a bond hearing under Section 1226(a) within 7 days; (4) enjoin Respondents from denying him bond under Section 1225(b)(2); (5) enjoin Respondents from transferring him to another detention facility; (6) award him costs and fees; (7) grant any further relief the Court deems just and proper. *See id.* at 14-15.

Respondents argue that Yordi Torres is not entitled to relief because (1) Yordi Torres is properly classified under Section 1225(b)(2); (2) Yordi Torres is not entitled to relief under the Due Process Clause; and (3) judicial review by this Court is precluded by Section 1226(e). *See generally* Dkt. No. 11.

**Legal Standards and Analysis**

This habeas action is another in a flood of similar actions filed after the Board of Immigration Appeals ("BIA") eliminated the ability of immigration judges ("IJs") to make individualized bond determinations as to certain persons placed in removal proceedings. *See In re Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025) (affirming "the Immigration Judge's determination that he did not have authority over [a] bond request" by a noncitizen who has resided in the United States for more than two years); *see also* Kyle Chaney, *More than 100 judges have ruled against the Trump admin's mandatory detention policy* (Oct. 31, 2025, 4:29 PM), https://www.politico.com/news/2025/10/31/trump-administration-mandatory-detention-deportation-00632086.

As background,

> [t]wo statutes in the [INA] principally govern [these] detention[s]: 8 U.S.C. §§ 1225 and 1226. Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id*. (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id*. (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond

> hearing before an IJ at any time before entry of a final removal order."
> See, e.g., *Rodriguez v. Bostock*, ___ F. Supp. 3d ____, 2025 WL 2782499, at *3 (W.D. Wash. Sept. 30, 2025).

*Covarrubias v. Vergara*, No. 5:25-cv-112, 2025 WL 2950097, at *2 (S.D. Tex. Oct. 8, 2025).

And "[t]he principal issue" in these cases "is whether [the habeas petitioner] has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if he [or she] is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing regarding whether the noncitizen is a flight risk or poses a danger to the community." *Id*.

Against this background, the undersigned turns to Yordi Torres's request for relief.

## I. APA CLAIM

Yordi Torres argues his detention violates the APA. *See* Dkt. No. 1.

"Assuming without finding that APA claims are cognizable under habeas, when review of an agency action is sought 'under the general review provisions of the APA, the "agency action" in question must be "final agency action."'" *Santiago v. Noem*, No. EP-25-cv-361-KC, 2025 WL 2792588, at *6 (W.D. Tex. Oct. 2, 2025) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (quoting, in turn, 5 U.S.C. § 704)). Without a final agency action, federal courts lack subject matter jurisdiction. *See Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011).

"Agency action must meet two conditions to be final: (1) 'the action must mark the "consummation" of the agency's decisionmaking process' and (2) 'the action must be one by which "rights or obligations have been determined," or from which "legal consequences will flow."'" *Patterson v. Def. POW/MIA Acct. Agency*, 343 F. Supp. 3d 637, 651 (W.D. Tex. 2018) (quoting *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999) (quoting, in turn, *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997))).

Here, because Yordi Torres has not received a bond hearing, and because the BIA could (notwithstanding its recent decision in *Yajure Hurtado*) affirm or deny the imposition of bond, "further administrative relief is available" and his "detention is not the consummation of the agency's decision-making process." *Santiago*, 2025 WL 2792588, at *6 (cleaned up).

And, so, the Court does not have jurisdiction to consider whether Yordi Torres's detention without a bond hearing pursuant to *Yajure Hurtado* violates the APA. And the undersigned declines to consider his APA claim. *See id.* at *6 n.2.

## II. THE INA

The undersigned first finds that detaining Yordi Torres without a bond hearing under Section 1225(b)(2) violates the INA for the reasons succinctly explained in *Covarrubias*, 2025 WL 2950097, at *2, which, in turn, relied on almost every other federal district court in this circuit and elsewhere that has tackled this issue:

> [Yordi Torres] contends that he is being detained under Section 1226(a) and should have a bond hearing, but Respondents argue that he is subject to mandatory detention under Section 1225(b)(2), and therefore,

> not entitled to a bond hearing.
>
> The difference in interpretation emanates from the Government's recent reevaluation of immigration detention authority. The [DHS] and Department of Justice (DOJ) released interim guidance on July 8, 2025, announcing a new legal position on detention and release authorities. The guidance interprets INA Section 235 (8 U.S.C. § 1225) as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether or not they arrive at a port of entry….
>
> [W]hether [Yordi Torres] falls under Section 1226(a) or 1225(b)(2) is a matter of statutory interpretation. Statutory interpretation is the province of the courts, not agencies. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024).
>
> The [undersigned] finds that Section 1226, not Section 1225, applies to [Yordi Torres's] detention. As almost every district court … has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) (collecting cases).

*Id.* at *3 (cleaned up); see also *Buenrostro-Mendez*, 2025 WL 2886346, at *3 ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement. The respondents have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result. Section 1226(a), not Section 1225(b), applies to [the petitioner]." (cleaned up)).

### III.  PROCEDURAL DUE PROCESS

#### A. Availability of Procedural Due Process Protections

The undersigned also finds that detaining Yordi Torres without a bond hearing violates his Fifth Amendment rights.

In this case, Respondents elect not to expressly rely on *Department of*

*Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), to oppose Yordi Torres's due process arguments. See Dkt. No. 11 at 27-30.

Regardless, because the undersigned finds that Yordi Torres is erroneously categorized as detained under Section 1225(b)(2), the Court should reject Respondent's related argument that, because Section 1225 "says nothing 'whatsoever about bond hearings' … [n]o procedural due process claim is stated." *Id.* at 29 (quoting *Jennings*, 583 U.S. at 297).

And, to the extent that Respondents may rely on *Thuraissigiam* to deny this due process claim, the undersigned agrees with the court in *Lopez-Arevelo v. Ripa* and other courts in the Fifth Circuit that have found *Thuraissigiam* to be distinguishable in this context. *See* ___ F. Supp. 3d ___, No. EP-25-cv-337-KC, 2025 WL 2691828 at *7-10 (W.D. Tex.); *see also, e.g.*, *Vieira v. De Anda-Ybarra*, ___ F. Supp. 3d ___, No. EP-25-cv-432-DB, 2025 WL 2937880, at *4-5 (W.D. Tex. Oct. 16, 2025); *Gonzalez Martinez v. Noem*, No. EP-25-cv-430-KC, 2025 WL 2965859, at *4 (W.D. Tex. Oct. 21, 2025); *Santiago*, 2025 WL 2792588, at *7-10; *Hernandez-Fernandez v. Lyons*, No. 5:25- cv-773-JKP, 2025 WL 2976923, at *7-8 (W.D. Tex. Oct. 21, 2025).

In *Thuraissigiam*, "[t]he [Supreme] Court did not address whether noncitizens mandatorily detained under § 1225(b) have a constitutional due process right to challenge the fact or length of their detention, as [Yordi Torres] does here." *Lopez-Arevelo*, 2025 WL 2691828, at *8. Unlike in *Thuraissigiam*, where the petitioner challenged his deportability and the denial of his asylum admission, Yordi Torres

challenges his detention without a bond hearing. *See* 591 U.S. at 114-15. In the context of detention under Sections 1225(b) and 1226(a), the United States Court of Appeals for the Fifth Circuit has "expressly left open the constitutional due process question" for lower courts to consider. *Lopez-Arevelo*, 2025 WL 2691828, at *8 (citing *Jennings*, 583 U.S. at 312).

The petitioner in *Thuraissigiam* was also stopped and detained "within twenty-five yards of the border" and was not released or permitted to reside in the United States. 591 U.S. at 114.

But Yordi Torres has resided in the United States since 2022. See Dkt. No. 1, ¶ 20; *Lopez-Arevelo*, 2025 WL 2691828, at *9 (distinguishing *Thuraissigiam* because petitioner had resided in the United States for three years).

And, so, Yordi Torres is entitled to procedural protections under the Fifth Amendment's Due Process Clause. And the undersigned will consider his claim that his detention violates his due process rights.

### B. *Mathews* Balancing Test

"To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem*, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (cleaned up). The three factors to consider are (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of

additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335 (cleaned up).

"The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.'" *Id.* at 348 (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S., at 171-172 (1976) (Frankfurter, J., concurring)).

### 1. Private Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Vieira*, 2025 WL 2937880, at *6 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). District courts have held that noncitizens who have been released from custody on their recognizance have a "liberty interest in remaining out of custody on bond." *Lopez-Arevelo,* 2025 WL 2691828, at *11 (collecting cases).

Yordi Torres was released on his recognizance after arriving in the United States. Dkt. No. 1-4 at 3. Upon his release, he acquired a "cognizable interest in his freedom from detention that deserves great weight and gravity." *Vieira*, 2025 WL 2937880, at *6.

And, so, the first factor weighs in favor of Yordi Torres.

### 2. Risk of Erroneous Deprivation and Value of Additional Safeguards

As to the second factor, Yordi Torres is in custody. Without a bond hearing, he will likely remain in custody. And the risk of an arbitrary deprivation is greater given the BIA's new interpretation of Section 1225(b)(2). *See Vieira*, 2025 WL 2937880, at *7; *Lopez-Arevelo*, 2025 WL 2691828, at *11.

"[A]gency decisionmakers regularly 'conduct[] individualized custody determinations … consider[ing] flight risk and dangerousness.'" *Gonzalez Martinez*, 2025 WL 2965859, at *4 (cleaned up). So a bond hearing would "give [Yordi Torres] the opportunity to be heard and receive a meaningful assessment of whether he is dangerous or likely to abscond." *Lopez-Arevelo*, 2025 WL 2691828, at *11.

And, so, a bond hearing would reduce the risk of an erroneous deprivation of Yordi Torres's liberty. And the second factor weighs in favor of Yordi Torres.

### 3. Government's Interest

Respondents argue that the Supreme Court has recognized a "profound" interest in detaining undocumented individuals during "the limited period necessary for their removal proceedings." Dkt. No. 11 at 27, 28 (quoting *Demore v. Kim*, 538 U.S. 510, 526 (2003)). And they contend that Yordi Torres "is being detained for the limited purpose of removal proceedings and determining his removability." *Id.* at 28.

But they do not explain their interest in making those determinations while detaining Yordi Torres without bond – that is, they do not explain why holding him

-11-

without bond is "necessary." *Demore*, 538 U.S. at 526.

Yordi Torres has no documented history of absconding. As required, he appeared at the Dallas Field Office on October 22, 2025 *See* Dkt. No. 1 at 12.

And, in any event, the government's interest in ensuring that Yordi Torres appears for his removal proceedings "would be squarely addressed through a bond hearing." *Gonzalez Martinez*, 2025 WL 2965859, at *4.

And, so, the third factor weighs in favor of Yordi Torres.

Because all three *Mathews* factors support Yordi Torres, the undersigned finds that denying him a bond hearing under Section 1225(b)(2) deprives him of his procedural due process rights under the Fifth Amendment.

## IV. SUBSTANTIVE DUE PROCESS

Because the denial of a bond hearing violates Yordi Torres's procedural due process rights and the INA, the undersigned declines to address his substantive due process claims. *See Santiago*, 2025 WL 2792588, at *6 n.2 ("[B]ecause the Court grants [the petition] on procedural due process grounds, the Court need not reach [the petitioner's] substantive due process … claims.").

## V. JUDICIAL REVIEW

Respondents contend that, if the Court finds that Yordi Torres is subject to Section 1226, "then this Court must likewise find that it is precluded from reviewing any decision by the Attorney General to detain petitioner and to deny bond." Dkt. No. 11 at 30.

> Section 1226(e) provides that
>
> [t]he Attorney General's discretionary judgment regarding the application of [Section 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under [Section 1226] regarding detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

But, as Respondents note, Section "1226(e) does not preclude challenges to the statutory framework that permits the alien's detention without bail." Dkt. No. 11 at 30 (citing *Jennings*, 538 U.S. at 295). "In other words, the Court 'retain[s] jurisdiction to review [a noncitizen's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.'" *Lopez-Arevelo*, 2025 WL 2691828, at *5 (quoting *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005)) (cleaned up); *see Hernandez-Fernandez*, 2025 WL 2976923, at *5; *Covarrubias*, 2025 WL 2950097, at *4.

As to his constitutional claim, Yordi Torres is not collaterally attacking an IJ's decision to deny him bond. He instead contends that Respondents' decision to detain him indefinitely without bond violates his due process rights. And, so, the Court has may review the constitutionality of Respondents' actions. *See Lopez-Arevelo*, 2025 WL 2691828, at *5; *Hernandez-Fernandez*, 2025 WL 2976923, at *5.

And, as to his statutory claim, the undersigned agrees with Yordi Torres that he is not challenging a discretionary decision covered by the Section 1226(e). *See* Dkt. No. 14 at 9. His petition attacks Respondents' application of Section 1225 instead of

-13-

Section 1226. And, so, Yordi Torres is "challenging the statutory framework that is permitting his detention without bail." *Covarrubias*, 2025 WL 2950097, at *4.

And the undersigned finds that Section 1226(e) does not preclude the Court from considering the merits of Yordi Torres's claims.

## Remedy

Yordi Torres asks the Court to (1) assume jurisdiction over the matter; (2) declare that the Respondents have violated the Fifth Amendment, the INA, the APA, and 28 U.S.C. § 2241; (3) issue a writ of habeas corpus ordering Respondents to provide him with a bond hearing under Section 1226(a) within 7 days; (4) enjoin Respondents from denying him bond under Section 1225(b)(2); (5) enjoin Respondents from transferring him to another detention facility; (6) award him costs and fees; (7) grant any further relief the Court deems just and proper. *See* Dkt. No. 1 at 14-15.

Most courts confronting this issue have determined that the appropriate relief is a bond hearing. *See Lopez-Arevelo*, 2025 WL 2691828, at *12-13 (collecting cases); *Vieira*, 2025 WL 2937880, at *7 (collecting cases).

And, so, the Court should order that Yordi Torres be given a bond hearing before an IJ and decline to award any other requested relief at this time.

## Recommendation

The Court should grant in part Petitioner Yordi Torres's Petition for Writ of Habeas Corpus [Dkt. No. 1] and require Respondents to provide him with a bond hearing before an IJ.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judges' findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 25, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE